Filed 12/22/14  In re Moore CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re GARY B. MOORE,<br><br>    on Habeas Corpus. | A143064<br><br>(Contra Costa County<br>Super. Ct. Nos. 51412725<br>& 50310169) |

THE COURT:[*]

A jury convicted petitioner Gary B. Moore of first degree burglary (Pen. Code, §§ 459, 460, subd. (a))[1] and, as pertinent to this habeas corpus proceeding, additionally found true three prior serious felony allegations (§ 667, subd. (a)(1)).[2]  Petitioner's 29-year prison sentence included three consecutive five-year terms imposed for the section 667, subdivision (a)(1) priors.  We affirmed the judgment on appeal.  (*People v. Moore* (Apr. 22, 2008, A113072) [nonpub. opn.].)

---

[*] Before Jones, P.J., Needham, J. and Bruiniers, J.

[1] All further section references are to the Penal Code.

[2] On our own motion, we have taken judicial notice of the record on appeal in case No. A113072, petitioner's appeal to this court following his jury conviction.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

1

Petitioner contends that two of the three priors found true under section 667, subdivision (a), were not brought and tried separately, and consequently, both priors should not have been used to enhance his sentence.[3] Petitioner is correct.

Section 667, subdivision (a)(1), provides that "any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." The jury found that petitioner was convicted in February 1988 of residential burglary and residential robbery. However, as the Attorney General concedes, those convictions were not "brought and tried separately" within the meaning of section 667, subdivision (a)(1), since they were brought in a single information and resolved by petitioner's no contest plea to all charges in the information. Consequently, only one five-year enhancement should have been imposed under section 667, subdivision (a)(1), for the two 1988 convictions.

The Attorney General does not oppose the granting of habeas relief on the foregoing claim, and waives issuance of an order to show cause, the filing of a return, and oral argument as to this claim. We construe petitioner's habeas corpus petition as necessarily agreeing to such expedited relief.

Therefore, the petition for writ of habeas corpus is granted in part. The superior court is directed to modify the judgment to set aside one of the five-year enhancements (§ 667, subd. (a)(1)) imposed as a result of petitioner's February 1988 conviction, amend the abstract of judgment accordingly, and forward a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation. This decision shall be final as to this court 10 court days after its filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

---

[3] The habeas corpus petition before us asserts additional grounds for relief. This opinion addresses the only claim to which petitioner demonstrates an entitlement to relief. By separate order filed this date, we dispose of petitioner's remaining claims.